**Christian LESTRADE and Jacqueline Lestrade, Petitioners,**

v.

**UNITED STATES of America and Jose M. Cuervo, Revenue Agent, Internal Revenue Service, Respondents.**

No. 95–2783–Civ.

United States District Court,
S.D. Florida.

Aug. 30, 1996.

Dennis G. Kainen, Weisberg & Kainen, Miami, FL, for Plaintiffs.

Robert J. Higgins, Mark Stier, Trial Attorneys, Tax Division, U.S. Dept. of Justice, Washington, DC, William Keefer, United States Attorney, Southern District of Florida, Miami, FL, for the Government.

## ORDER GRANTING RESPONDENTS' MOTION TO DISMISS PETITION TO QUASH INTERNAL REVENUE SERVICE SUMMONSES

HOEVELER, Senior District Judge.

THIS CAUSE comes before the Court on the United States of America's Motion to Dismiss Petition to Quash Internal Revenue Service Summonses. (D.E. # 4). On November 21, 1995, Internal Revenue Service Revenue Agent, Jose Cuervo issued IRS summonses on City Bank and N.C.N.B. Agency ("NationsBank"). The summonses required the banks to produce documents relating to accounts held by Christian Lestrade or Jacqueline Lestrade ("Lestrades"). The Lestrades are French citizens who according to French authorities may have violated the tax laws of France. The information requested by the summonses would be used to determine the correct income tax liability of the Lestrades. Following the issuance of the summonses on the banks, Cuervo mailed notice of service of the summonses to the Lestrades in Monaco.

The Lestrades believing that the summonses: (1) may have been issued for an improper purpose; (2) do not comply with the standards established by the United States Supreme Court; and (3) may violate Article 26 of the United States–French Income Tax Convention, filed a Petition to Quash Internal Revenue Service Summonses.

Pursuant to Rule 12(b)(6) of the Fed.R.Civ. P., the Government argues Petitioner's Petition should be dismissed. The Government contends through the affidavits of Revenue Agent Jose Cuervo and Assistant Commissioner (International) Internal Revenue Service John T. Lyons, that it has fully complied with the standards established by the Supreme Court to enforce a summons. The Government further argues that the Petition should be dismissed because it was not timely filed. Fed.R.Civ.P. 12(b)(1).

■ In order to obtain enforcement of a summons, the Government must show: (1) that the investigation will be conducted pursuant to a legitimate purpose; (2) that the inquiry may be relevant to the purpose; (3) that the information is not already within its (the Government) possession; and (4) that the administrative steps required by the code have been followed. *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964).

■ Petitioners in their Response question only whether the Government has satisfied *Powell* standard # 4: that the administrative steps required by the code have been followed. Petitioners assert that under the Hague Convention, the government must mail the notices of service of summonses to the Central Authorities of the United States and France. In the instant case, the notice of service of summonses were mailed directly to the Lestrades in Monaco, and not to the Central Authorities. Based on this alleged deficiency, Petitioners contend the summonses should be quashed and the Government's Motion denied.

In support of their argument that the notices should have been mailed to the Central Authorities, Petitioners reject the contention that Article 10(a) of the Convention provides for an alternate method of service. Article 10(a) states:

Provided the State of destination does not object, the present Convention shall not interfere with—

(a) the freedom to send judicial documents, by postal channels, directly to persons abroad,

Petitioners claim that the drafters use of the term *send* and not *serve* allows a party to send judicial documents by mail, but not to serve documents. Since Petitioners were **served** by mail, they argue that Article 10(a) is not applicable and the Government must serve the Lestrades via the Central Authorities. *See,* Articles 3–6 of the Convention.

The Government does not dispute that the Hague Convention applies but, rather, argues that the notices of service of the summonses are considered *extrajudicial documents,* and are therefore governed by Article

17 of the Convention, which allows the Government to mail the notices of service of the summonses to the Lestrades in France. Even if this Court were to determine that the notices are not considered an *extrajudicial documents,* the Government further argues that Article 10(a)'s use of the term *send* also means *serve,* and thus service of process by mail to initiate litigation is permissible.

Thus, there are at least two issues confronting this Court. First, whether the notices of service of summonses are considered extrajudicial documents which "may be transmitted" by any of the methods described in the Convention. Second, whether Article 10(a)'s use of the term "send" also means "serve". Should the Court answer either of these questions in the affirmative, then the Government has fully complied with the administrative steps, and Petitioner's Petition should be dismissed.

The resolution of the first issue requires a review of Article 17 of the Hague Convention. Article 17 states:

> Extrajudicial documents emanating from authorities and judicial officers of a contracting State may be transmitted for the purpose of service in another contracting State by the methods and under the provisions of the present Convention.

In order to accept the Government's argument, the Court must agree that the notice of service of summonses is considered an *extrajudicial document.* According to the Government, any document that is not a complaint (i.e. the commencement of litigation) constitutes an *extrajudicial document.* However, the Government offers no caselaw interpreting the term *extrajudicial documents.* Similarly, this court has not found any cases interpreting this term. Thus, this Court looks to Article 10 of the Hague Convention for resolution of this matter.

In interpreting Article 10(a) the parties disagree on the significance to attach the word *send.* Petitioners assert *send* does not authorize service by mail, and thus the Lestrades could not be served by mail. The Government contends that *send* also means *serve.* Unfortunately, courts have also disagreed on the relevance of the term *send. See, Ackermann v. Levine,* 788 F.2d 830, 839

(2nd Cir.1986) ("[S]ervice of process by registered mail remains an appropriate method of service in this country under the Convention."); *Patty v. Toyota Motor Corp.,* 777 F.Supp. 956, 958 (N.D.Ga.1991) ("Hague Convention allows service of process by registered mail"), *But cf., Arco Electronics Control Ltd. v. Core International,* 794 F.Supp. 1144 (S.D.Fla.1992) (service of process by registered mail is not an appropriate method of service).

After reading the Second Circuit's opinion in *Ackermann,* this Court agrees that the term *send* in Article 10(a) also means *serve.* Accordingly, this Court GRANTS Respondents' Motion To Dismiss Petition To Quash Internal Revenue Service Summonses.