SALTER, J.
 

 Debbie Bennett appeals the denial of her emergency motion to vacate a final foreclosure judgment. Based on the record and our conclusion that there was no personal service of process on Ms. Bennett, we reverse the judgment and remand for further proceedings.
 

 On November 20, 2008, Christiana Bank & Trust Company filed an action to foreclose the mortgage on Ms. Bennett’s home. The plaintiffs attorneys, Golson Felberb-aum Law Firm, hired Pro-Vest LLC, a process service company, to serve Ms. Bennett. Christopher P. Mas, on behalf of Pro-Vest, filed a verified return of service on December 29, 2008. The return indicated that individual service was accomplished on December 20 at 4:18 p.m. The return further indicated that “DEFENDANT REFUSED TO DISCLOSE MILITARY STATUS; PROPERTY IS NOT A MOBILE HOME. I asked the person spoken to if the person served is married and I received a negative reply.”
 

 However, the front and reverse sides of the summons attached to the return were covered with the process server’s notes. These notes reflected the server’s attempts to serve Ms. Bennett at her house to no avail. The notes disclosed that on two occasions he left “ec” of the summons and complaint in the mailbox at the home. Finally, after several more attempts, on December 20, the process server wrote that he left the papers at the door. His notation for that date states: “12/20/08-4:13pm Saw Curtains Move, Read Aloud Docs, SVP Docs at Door.” The return does not identify the name or age of any individual supposedly served or identified within the premises. The time, however, is precisely the time identified on the face of the return of service.
 

 Ms. Bennett never filed a responsive pleading in the case. Christiana Bank filed motions for default and for summary judgment. In May 2009, Christiana Bank obtained an order granting default and a final foreclosure judgment. The sale was scheduled for September 4, 2009.
 

 
 *45
 
 On September 2, Ms. Bennett, through counsel, filed a motion to vacate the judgment and to stay the foreclosure sale. The trial court denied the motion to stay the sale, but granted Ms. Bennett a hearing on the motion to vacate. Ms. Bennett filed an affidavit to support her motions asserting that the only notice she had of the foreclosure was the copy of the final foreclosure judgment received by mail at her home on August 20, 2009. Ms. Bennett stated in her affidavit that she had undergone surgery the day after Thanksgiving and was convalescing at her mother’s home the next six weeks.
 

 After the hearing,
 
 [1]
 
 the court entered an order finding that the service was “questionable,” but that there was no meritorious defense to the foreclosure. The court denied the motion to vacate. This appeal followed.
 

 Analysis
 

 Strict construction of, and compliance with, statutes governing service of process is required.
 
 Shurman v. Atl. Mortgage & Inv. Corp.,
 
 795 So.2d 952, 954 (Fla.2001). Without proper service, a court may not proceed in the matter.
 
 Re-Employment Servs., Ltd. v. Nat’l Loan Acquisitions Co.,
 
 969 So.2d 467, 471 (Fla. 5th DCA 2007) (citing Henry P. Trawick, Jr.,
 
 Florida Practice and Procedure
 
 § 8:20 (2007 ed.)). “A summons properly issued and served is the method by which a court acquires jurisdiction over a defendant.”
 
 Seymour v. Panchita Inv., Inc.,
 
 28 So.3d 194, 196 (Fla. 3d DCA 2010). In analyzing whether service is proper, the return of service is the point of departure.
 

 A process server’s return which is regular on its face is presumed valid absent clear and convincing evidence to the contrary.
 
 Bank of Am. v. Bornstein,
 
 39 So.3d 500 (Fla. 4th DCA 2010);
 
 Telf Corp. v. Gomez,
 
 671 So.2d 818, 818 (Fla. 3d DCA 1996). Moreover, a simple denial is insufficient to impeach the validity of service.
 
 Telf Corp.
 
 However, in this case, Ms. Bennett raised more than her own sworn denial. The process server’s own notes, an admission against the interest of his principal,
 
 see
 
 § 90.803(18)(d), Fla. Stat. (2009), prove the insufficiency of service. The process server’s last entry reflects that he “Saw Curtains Move, Read Aloud Docs, SVP Docs at Door.”
 

 Christiana Bank argues that there is no testimony to explain what “SVP” means, but “Docs at Door” is quite self-explanatory. Curtains may move because of the wind or curious cats, and not just because some prospective defendant is attempting to avoid service. The pertinent statute is clear:
 

 Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint ... or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.
 
 [2]
 

 The process server’s notes contain no evidence of compliance with these requirements. Rather, the notes squarely conflict with his attestation that Ms. Bennett herself refused to disclose a military status. As to Ms. Bennett’s marital status, the process server stated: “I asked the person spoken to if the person served is married and I received a negative reply.” That recitation avoided an identification of the “person spoken to” and again implies that “the person served” was personally handed the papers.
 

 
 *46
 
 Far more troubling is the fact that Christiana Bank and its attorneys
 
 [3]
 
 ignored this discrepancy in the return of service. In its motion for summary judgment Christiana Bank alleges that the “Defendant(s) were duly and regularly served with process.” The Bank’s proposed Final Judgment of Foreclosure, prepared by its attorneys, stated: “Service of process having been duly and regularly obtained over DEBBIE BENNETT.
 

 Once a defect in the return of service is shown, the burden of demonstrating regular service is on the party seeking to invoke the court’s jurisdiction.
 
 Bornstein,
 
 39 So.3d at 503;
 
 BoatFloat, LLC v. Cen. Transp. Int’l, Inc.,
 
 941 So.2d 1271 (Fla. 4th DCA 2006). That burden was not met here. Christiana Bank, its trial court attorneys, and Christopher P. Mas of the process serving entity Pro-Vest LLC offered no testimony or other competent evidence to address the deficiency in service identified by Ms. Bennett’s counsel. Nor did Christiana Bank examine the process server’s notes after they were specifically called to its attention by Ms. Bennett’s newly-retained counsel, confess error by stipulating to the vacation of the final judgment, and allow Ms. Bennett to file and serve a responsive pleading.
 

 Where no
 
 in personam
 
 jurisdiction is obtained over a defendant, the defendant is not required to demonstrate a meritorious defense to set aside the default.
 
 Ubilla v. L & W Supply,
 
 637 So.2d 994 (Fla. 3d DCA 1994);
 
 Gamboa v. Jones,
 
 455 So.2d 613 (Fla. 3d DCA 1984). The trial court should not have required Ms. Bennett to demonstrate a meritorious defense to the action once it became clear that the summons and complaint were never properly served.
 

 Finally, an examination of the final judgment and supporting affidavit reveals an array of fees and charges that merit attention on remand. Charges for over $6,400 of force-placed insurance, “forbearance interest” of over $11,300 (above and beyond $14,817.73 in accrued interest from alleged default to the date of judgment), and uni-temized, conflicting “foreclosure expenses” were contained in Christiana Bank’s affidavit and the final judgment without reference to the applicable provisions of the loan documents. While we express no opinion regarding the validity or invalidity of these charges, we call them to the parties’ and trial court’s attention so that they can be addressed.
 

 We reverse the order denying the motion to vacate the final foreclosure judgment and the final judgment itself, and we remand the case for further proceedings. Ms. Bennett has appeared in the proceeding below through counsel and will be obligated to file a responsive pleading in the trial court pursuant to Florida Rule of Civil Procedure 1.140 after the mandate issues.
 

 Reversed and remanded.
 

 [1]
 

 . There is no transcript of the hearing. However, the annotated summons and return of process are part of the record.
 

 [2]
 

 . § 48.03l(l)(a), Fla. Stat. (2009).
 

 [3]
 

 . The record does not indicate that Christiana Bank’s attorney of record in this appeal prepared any of the misleading documents filed in the trial court.