PER CURIAM.
 

 Grupo Radio S.A.B. de C.V. appeals the denial of its motion to quash service of process and dismissal of the amended complaint. We reverse and remand because service of process was improper.
 

 American Merchant Banking Group Inc. filed suit in February, 2010, against Grupo Radio and its subsidiary, Grupo Radio L.A., seeking compensation for consulting services American allegedly performed pursuant to an oral contract. American originally served only Grupo Radio L.A., believing that Grupo Radio L.A. served as an agent for Grupo Radio. Since American lacked evidence that Grupo Radio exercised exclusive control over Grupo Radio L.A., American lacked evidence of agency. American therefore attempted service on Grupo Radio in Mexico under the Hague Convention, using a foreign process to issue an alias summons.
 

 However, the summons was deficient under the requirements of the Hague Convention, to which Mexico is a signatory, because it did not state whether Grupo Radio’s required response time was calculated in business days or calendar days. This specification is required for proper service under the Hague Convention in Mexico.
 
 [1]
 
 “The Hague Convention is a multilateral treaty that was formulated in 1964 ... to provide a simpler way to serve process abroad, to assure that the defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad.”
 
 Volkswagenwerk AG v. Schlunk,
 
 486 U.S. 694, 698, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988). The Hague Convention “preempts inconsistent methods of service prescribed by state law.”
 
 Id.
 
 at 699, 108 S.Ct. 2104. Moreover, the United States Supreme Court has held that the Hague Convention “is mandatory in all cases to which it applies.”
 
 Id.
 
 at 705, 108 S.Ct. 2104.
 

 In Florida, the Hague Convention applies in all cases “where there is occasion to transmit a judicial or extrajudicial document for service abroad.”
 
 Chabert v. Bacquie,
 
 694 So.2d 805, 812 (Fla. 4th DCA 1997). American thus is subject to the requirements of the Hague Convention, and it may easily amend its alias summons to add the single word which would make the summons proper.
 

 
 *152
 
 Accordingly, we reverse the trial court’s denial of the motion to quash and dismissal of the complaint, and remand the cause for proper service.
 

 Reversed and remanded.
 

 [1]
 

 .
 
 See
 
 Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, 20 U.S.T. 361, T.I.A.S. No. 6638 (Feb. 10, 1969) (the "Hague Convention”).