# Third District Court of Appeal

## State of Florida

Opinion filed December 28, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-672
Lower Tribunal No. 12-34162
_____

**Ingenieria Y Exportacion De Tecnologia S.L.,**
Appellant,

vs.

**Freytech, Inc., a Florida corporation,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Michael Hanzman, Judge.

Genovese Joblove & Battista and John Arrastia, Jr., for appellant.

Vazquez & Associates and Steven B. Herzberg, for appellee.

Before WELLS, LAGOA and SALTER, JJ.

WELLS, Judge.

Ingenieria Y Exportacion De Tecnologia S.L. ("Inexa"), the defendant below, appeals a non-final order denying its motion to quash service of process. Because we agree that service of a summons is still required even where the plaintiff purports to effectuate service on a foreign defendant under Article 10(a) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("the Hague Convention"), we reverse and remand because service of process was deficient in this case. See Fla. R. App. P. 9.130(a)(3)(C)(i) (providing that the district courts of appeal have jurisdiction to review non-final orders that determine "the jurisdiction of the person"); Vaughn v. Wells Fargo Bank, N.A., 153 So. 3d 969, 970 n.1 (Fla. 5th DCA 2015) ("An order on a motion to quash service of process is one that determines personal jurisdiction and is thus appealable.").

"In Florida, the Hague Convention applies in all cases 'where there is occasion to transmit a judicial or extrajudicial document for service abroad.'" Grupo Radio Centro S.A.B. DE C.V. v. Am. Merchant Banking Group, Inc., 71 So. 3d 151, 151 (Fla. 3d DCA 2011) (quoting Chabert v. Bacquie, 694 So. 2d 805, 812 (Fla. 4th DCA 1997)); see § 48.194(1), Fla. Stat. (2016). Here, the trial found that Freytech, Inc., the plaintiff below, had sufficiently served Inexa in Spain under Article 10(a) of the Hague Convention which specifies that "[p]rovided the State of destination does not object, the present Convention shall not interfere with – (a) the

2

freedom to send judicial documents, by postal channels, directly to persons abroad." Hague Convention, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638; see Spain-Central Authority & practical information, Hague Conference on Private International Law, https://www.hcch.net/en/states/authorities/details3/?aid=273 (last visited December 15, 2016) (providing that Spain does not object to article 10 of the Hague Convention). However, unlike the Second District case cited to and relied upon by the court below, no summons was ever served along with the complaint in this case. See Portalp Int'l SAS v. Zuloaga, 198 So. 3d 669, 672 (Fla. 2d DCA 2015) (siding with the prevailing view among the circuits of the U.S. court of appeals that article 10(a) permits service by mail, provided the destination country has not objected). The attempted service in this case was therefore deficient.

We recognize, as we must, both that the Hague Convention is "mandatory in all cases to which is applies," and that it "pre-empts inconsistent methods of service prescribed by state law." Grupo Radio Centro S.A.B. DE C.V., 71 So. 3d at 151 (quoting Volkswagenwerk AG v. Schlunk, 486 U.S. 694, 699, 705 (1988)); see also Bevilacqua v. U.S. Bank, N.A., 194 So. 3d 461, 464 (Fla. 3d DCA 2016). Nevertheless, there is nothing in Article 10(a) or the Hague Convention in general which provides, nor has the appellee provided any authority even remotely suggesting, that the plaintiff's service of a summons when effectuating service of

3

process on a defendant is not required under, or has been expressly pre-empted by, the convention.

In Florida, "[s]trict construction of, and compliance with, statutes governing service of process is required." Bennett v. Christiana Bank & Trust Co., 50 So. 3d 43, 45 (Fla. 3d DCA 2010). "A summons properly issued and served is the method by which a court acquires jurisdiction over a defendant." Id. (quoting Seymour v. Panchita Inv., Inc., 28 So. 3d 194, 196 (Fla. 3d DCA 2010)). Because no summons was ever served on Inexa, the foreign defendant in this case, Freytech failed to comply with Florida's service requirements. See § 48.031(1)(a), Fla. Stat. (2016) (providing that "[s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint"); Nirk v. Bank of America, N.A., 94 So. 3d 658, 659 (Fla. 4th DCA 2012) ("By section 48.031(1)(a)'s plain language . . . the 'copy of *it*' refers to the previously-mentioned 'original process,' that is, the summons, and not the later-mentioned 'copy of the complaint.'")

Accordingly, we reverse the trial court's denial of the motion to quash and remand the cause for proper service.

Reversed and remanded.

4