# Third District Court of Appeal

## State of Florida

Opinion filed April 24, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1997
Lower Tribunal No. 14-21348
_____

**Jeffrey Epstein,**
Appellant,

vs.

**Jean-Luc Brunel, individually, and**
**MC2 Model & Talent Miami, LLC,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Link & Rockenbach, P.A., and Scott J. Link, and Kara Berard Rockenbach (West Palm Beach), for appellant.

Joe Titone (Pompano Beach), for appellees.

Before EMAS, C.J., and SCALES, and LINDSEY, JJ.

LINDSEY, J.

Appellant, Jeffrey Epstein, defendant below, appeals a non-final order, which determined service of process was proper and ordered Epstein to file an answer or response to the complaint filed by Appellees, Jean-Luc Brunel ("Brunel") and MC2 Model & Talent, LLC ("MC2"), plaintiffs below, within 20 days. Because Brunel and MC2 did not strictly comply with the service of process requirements, we reverse.

## I. JURISDICTION

The issue before us is whether service of process on Epstein was valid. See Fla. R. App. P. 9.130(a)(3)(C)(i) (authorizing appellate review of non-final orders determining jurisdiction of the person); Philip J. Padovano, 2 Fla. Prac., App. Prac. § 24:6 (2018 ed.) ("As used in Rule 9.130(a)(3)(C)(i), jurisdiction of the person refers exclusively to the validity of service of process or the applicability of the long arm statute."). As such, we have jurisdiction.

## II. BACKGROUND

In January 2015, Brunel and his modeling agency, MC2, sued Epstein for damages that allegedly resulted from notoriety and bad publicity generated by criminal charges that had been brought against Epstein involving allegations of unlawful sexual contact with a minor. According to the complaint, after criminal charges were filed against Epstein, "Plaintiffs were widely implicated in the media

2

as being 'linked' to Epstein. These false stories caused both Plaintiffs a tremendous loss of business."

Brunel and MC2 attempted to serve Epstein at his residential address in New York, but Epstein successfully moved to quash service. On October 5, 2016, the trial court ordered Brunel and MC2 to serve Epstein within 120 days or the case would be dismissed without prejudice.

Epstein lives on Little St. James, a private island in the Virgin Islands. However, Brunel and MC2 did not attempt to serve Epstein on Little St. James. Instead, they served Jeanne Brenna, who Brunel and MC2 claim is an office supervisor at Epstein's Virgin Islands business address, on November 17, 2016. In response, Epstein's counsel promptly notified counsel for Brunel and MC2 that the attempted service was, from their perspective, invalid under Florida law.

Thereafter, Brunel and MC2 made no further attempts to serve Epstein, and on March 16, 2017, moved in the trial court for a ruling on service of process. Epstein maintained that service was improper and sought to dismiss the case. Brunel and MC2 filed a second motion for a ruling on service of process on October 16, 2017, and Epstein again responded in opposition. The trial court held a hearing on September 14, 2018, and on September 17, it entered the order now under review, which denies Epstein's motion to dismiss and orders him to file his answer or response within 20 days. This timely appeal followed.

## III. ANALYSIS

Ordinarily, service of process is governed by section 48.031(1)(a), Florida Statutes (2018), which provides as follows:

> (1)(a)   Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.

Brunel and MC2 did not attempt to serve Epstein at his "usual place of abode" in the Virgin Islands.  Instead, they attempted substitute service pursuant to section 48.031(2)(b):

> (b)   **Substitute service may be made on an individual doing business as a sole proprietorship** at his or her place of business, during regular business hours, by serving the person in charge of the business at the time of service if two attempts to serve the owner have been made at the place of business.

(Emphasis added).

It is well-established in Florida that the service of process requirements must be strictly complied with.  See, e.g., Ingenieria y Exportacion de Tecnologia S.L. v. Freytech, Inc., 210 So. 3d 211, 213 (Fla. 3d DCA 2016) ("Strict construction of, and compliance with, statutes governing service of process is required." (quoting Bennett v. Christiana Bank & Trust Co., 50 So. 3d 43, 45 (Fla. 3d DCA 2010)));

4

<u>Robles-Martinez v. Diaz, Reus & Targ, LLP</u>, 88 So. 3d 177, 179 (Fla. 3d DCA 2011) ("Service made under the substitute service provisions of section 48.031, Florida Statutes, must be strictly complied with, and these provisions are to be strictly construed.").

Here, service of process was improper because Brunel and MC2 did not strictly comply with section 48.031. In order for substitute service to be made under section 48.031(2)(b), an individual must be doing business as a sole proprietorship. Brunel and MC2 concede that Epstein is not the owner of a sole proprietorship, so substitute service under 48.031(2)(b) is unavailable.[1]

Brunel and MC2 attempt to excuse strict compliance by arguing that the legislature could not have contemplated a lifestyle like Epstein's. But Brunel and MC2 never tried to serve Epstein at his place of abode.[2] Moreover, as explained in

---

[1] Service was improper for a number of other reasons. For instance, even if Epstein were doing business as a sole proprietorship, section 48.031(2)(b) requires two attempts to serve the owner at the place of business before serving the person in charge. The process server's affidavit reflects that only one attempt was made to serve Epstein.

[2] In his memorandum in opposition to Brunel and MC2's motion for ruling on service of process, Epstein claims that service of process on Little St. James was possible:

> The motion and notice filed by Plaintiffs assert that service is impossible on Little St. James, because this is a private island. Such assertion is absurd on its face, as service of process takes place routinely on private property. Little St. James is one of several residential cays in the U.S. Virgin Islands. The mode of

cases that Brunel and MC2 themselves rely on, even if Epstein were avoiding service, there are other methods of substitute service that would perhaps be more applicable here. See Delancy v. Tobias, 26 So. 3d 77, 79 (Fla. 3d DCA 2010) (holding that service pursuant to section 48.181(1), which allows for substitute service on residents who conceal their whereabouts, was proper where plaintiff made a showing of diligent inquiry to ascertain defendant's whereabouts); Hull v. Lending House, Inc., 19 So. 3d 404 (Fla. 3d DCA 2009) (finding record evidence that service of process by publication pursuant to section 49.021 was appropriate because defendant's residence was inaccessible and the process server could not gain access by any reasonable means).

## IV. CONCLUSION

---

transportation to such cays may be by boat rather than car, but certainly service of process is possible on any of them. Access to such cays by boat is commonplace in the U.S. Virgin Islands, and Little St. James is well-identified and easily located on any map. As is evident from the photograph of Little St. James provided by Plaintiffs in connection with their motion, the Island features a sizable dock by which those arriving by boat may access the Island. That dock effectively serves as the front door to Little St. James, and as with any private residence, there was absolutely nothing preventing a process server from proceeding to the front door and inquiring of Mr. Epstein. Access to Little St. James was certainly available in this case and should have been attempted, but never was.

Because Brunel and MC2 failed to strictly comply with the service of process requirements, we reverse the order on appeal and remand for entry of a dismissal, without prejudice.[3]

Reversed and remanded with instructions.

---

[3] The trial court's October 5, 2016 Order granted Plaintiffs 120 days to serve Epstein. The Order further stated that if Plaintiffs failed to serve Epstein within the 120 days, the case would be dismissed without prejudice.