# Third District Court of Appeal

## State of Florida

Opinion filed February 9, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1255
Lower Tribunal No. 20-12852
_____

**Mariana Fiuza Aquino de Oliveira,**
Appellant,

vs.

**Gregory Charles Sim,**
Appellee.

An appeal from non-final orders from the Circuit Court for Miami-Dade County, Victoria del Pino, Judge.

Law Office of Kimberly H. Schultz, P.A., and Kimberly H. Schultz (Plantation), for appellant.

Gregory Charles Sim, in proper person.

Before EMAS, MILLER, and BOKOR, JJ.

MILLER, J.

In this paternity action, appellant, Mariana Fiuza Aquino de Oliveira, the mother, challenges two non-final orders, the first of which entered default in favor of appellee, Gregory Charles Sim, the father, while the second denied a motion to quash service of process. Under well-settled precedent, we lack jurisdiction to review the propriety of the default at this juncture in the proceedings. See Fascetti v. Fascetti, 795 So. 2d 1094, 1095 (Fla. 4th DCA 2001) (holding that clerk's defaults are not independently appealable). Because no summons was issued, however, let alone served upon the mother, we are constrained to reverse the order denying the motion to quash. See Fla. Fam. L. R. P. 12.070(a)(1) ("On the commencement of the action, . . . summons or other process authorized by law must be issued immediately by the clerk or judge under the clerk's or the judge's signature and the seal of the court and delivered for service."); Ingenieria Y Exportacion De Tecnologia S.L. v. Freytech, Inc., 210 So. 3d 211, 213 (Fla. 3d DCA 2016) ("Because no summons was ever served on . . . the foreign defendant in this case, [the plaintiff] failed to comply with Florida's service requirements."); State ex rel. Merritt v. Heffernan, 195 So. 145, 147 (Fla. 1940) ("[T]he real purpose of the service of summons ad respondendum is to give proper notice to the defendant in the case that he is answerable to the claim of plaintiff and, therefore, to vest jurisdiction in the court

entertaining the controversy . . . ."); <u>Bay City Mgmt., Inc. v. Henderson</u>, 531 So. 2d 1013, 1016 (Fla. 1st DCA 1988) ("When [the plaintiff] failed to issue summons to the [defendants], they were not advised that they were individually being called upon to answer the complaint and defend the suit. Thus, they were not obliged to serve any paper."); <u>see also</u> <u>Sierra v. U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr.</u>, 299 So. 3d 402, 403 (Fla. 4th DCA 2020) ("A defensive motion that challenges personal jurisdiction and that does not seek affirmative relief does not subject the movant to the court's jurisdiction.").

Reversed and remanded.