PER CURIAM.
The order under review quashing the process served in Sweden upon AB Volvo Penta, a Swedish corporation, on the ground that the appellants, by not timely filing an affidavit “by any officer authorized to serve process in the state where the person is served,” failed to comply with Section 48.194, Florida Statutes (1983), is reversed upon a holding that even assuming, arguendo, that such an affidavit must be filed when service is made in another state of the United States, see Nettles v. White, 439 So.2d 1048 (Fla. 2d DCA 1983) (service in Texas); Palmer Johnson Yachts v. Ray Richard, Inc., 347 So.2d 779 (Fla. 3d DCA 1977) (service in Wisconsin), *188 where, as here, process was served and return of process was completed by an official of a country that is a signatory to the Hague Convention[1] in accordance with Article 6 of such Convention, the imposition of the additional requirement that proof of service be made under oath offends against the supremacy clause of the United States Constitution.[2]
Reversed and remanded.

. The full title is the Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, November 15, 1965, reprinted in 28 U.S.C.A.Fed.R.Civ.P. 4 (Supp.1985). Sweden is a signatory to this treaty-

. U.S. Const. art. VI, cl. 2.