643 So.2d 1188 (1994)
SEMET LICKSTEIN MORGENSTERN BERGER FRIEND BROOKE & GORDON, P.A., Appellant,
v.
Nabuo SAWADA, Appellee.
No. 94-371.
District Court of Appeal of Florida, Third District.
October 19, 1994.
*1189 Semet Lickstein Morgenstern Berger Friend Brooke & Gordon, P.A., Coral Gables, and Deborah Leder, Aventura, for appellant.
Burton R. Levey, Miami, for appellee.
Before BASKIN, JORGENSON and GERSTEN, JJ.
JORGENSON, Judge.
The law firm of Semet, Lickstein, et al., appeals from an order dismissing its complaint for insufficient service of process. For the following reasons, we reverse.
Nabuo Sawada, a Japanese national and resident of Japan, engaged the law firm to represent him in various legal matters. The client failed to pay for the services rendered and the firm sued him in Dade County. The firm had the summons and complaint translated into Japanese and then arranged for service in Japan pursuant to the Hague Convention to which the United States and Japan are signatories. See Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, May 1, 1989, 20 UST 361, reprinted in TIAS 6638 Martindale-Hubbell Law Digest, "Selected International Conventions" (1994). Pursuant to the Hague Convention, Japan designated its District Court as the Central Authority to receive documents. That court then arranged for the Japanese Postal Authority to deliver the documents to Sawada's former business address. Pursuant to instructions given by Sawada to the Postal Authority, the documents were forwarded to the address of Sawada's father. The Postal Authority completed the return of service, which was then translated into English and forwarded to the law firm.
Sawada entered a special appearance in Dade County to contest sufficiency of process, averring in an affidavit that he had not been a resident of Japan for three months prior to the date of the affidavit. Sawada did not reveal where he currently resides. The trial court granted his motion to dismiss.
Dismissal of the complaint was error, as the law firm effected service in compliance with the provisions of the Hague Convention. Where process is served and return of process completed by an official of a country that is a signatory to the Hague Convention in accordance with Article 6 of such Convention, the imposition of any additional requirements "offends against the supremacy clause of the United States Constitution." MacIvor v. Volvo Penta of America, Inc., 471 So.2d 187, 188 (Fla. 3d DCA 1985).[1] The address at which Sawada ultimately received the summons and complaint was one that he himself designated to the Japanese Postal Authority. Sawada's bare assertion that he is not a resident of Japan, without more, is not sufficient to overcome the attestations of the Japanese Central Authority that service upon Sawada was accomplished in compliance with the Hague Convention.[2] To disregard those attestations would amount to a total disregard of that Convention.
Reversed and remanded for further proceedings.
NOTES
[1] Sawada has not disputed that the method by which he was served is valid in Japan.
[2] To establish proof of residency, a person must demonstrate that he physically resides in a new location with the intent to make that location his permanent home. McDougald v. Jenson, 786 F.2d 1465 (11th Cir.), cert. denied, 479 U.S. 860, 107 S.Ct. 207, 93 L.Ed.2d 137 (1986). Sawada averred only that he "has been residing outside the Country of Japan."