VAN NORTWICK, J.
Urs Koechli appeals an order denying his motion to quash service of process and motion to dismiss for lack of personal jurisdiction. Koechli argues that process was not properly served in accordance with the requirements of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, opened for signature November 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, 658 U.N.T.S. 163, reprinted in 28 U.S.C.A. (Appendix following rule 4, Fed.R.Civ.P.). We find the record supports that service was made in compliance with the Convention and we affirm.
BIP International, Inc. (BIP), appellee, filed a second amended complaint against Koechli and others alleging fraud in the inducement, negligent misrepresentation, conversion, and conspiracy to defraud in connection with a contract between BIP and Alpha GMBH & Co. Schiffsbesitz KG (Alpha) for the refurbishment of the vessel M/Y Giant I owned by Alpha. Koechli is a citizen of Switzerland who lives on a sailboat. BIP sought to serve Koechli pursuant to the Hague Convention while his sailboat was docked in the Bahamas. Section 48.194(1), Florida Statutes (2002), authorizes that service of process on persons outside the United States may be made in conformity with the Hague Convention. See MacIvor v. Volvo Penta of America, Inc., 471 So.2d 187, 188 (Fla. 3d DCA 1985).
Those portions of the Convention applicable here are in force in the United States, Switzerland and the Bahamas. The Hague Convention creates “appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time.” Hague Convention, preamble. The Convention applies in civil and commercial matters. Id., art. 1. Under the Hague Convention, process is sent to the designated “central authority” of the state in which process is to be served. Id., art. 3. The central authority must arrange to have process served on the defendants by a method prescribed by the receiving state or by a *503 method designated by the requester and compatible with the law of the receiving state. Id. art. 5. Then, the central authority, or an authority designated by it, must complete a certificate setting forth how, where, and when service was made, or explaining why service was prevented. Id. art. 6. Finally, the central authority must provide a completed certificate of service to the original applicant. Id.; Sheets v. Yamaha Motors Corp., USA, 891 F.2d 533, 536 (5th Cir.1990); see generally Gary A. Magnarini, Service of Process Under the Hague Convention, 71 Marq. L.Rev. 649 (1988).
BIP forwarded to the Bahamian Attorney General’s Office, the Bahamian central authority, the following documents to perfect service on Koechli: (1) Form USM-94, the request for service abroad under the Hague Convention; (2) the pluries summons for Koechli; (3) the second amended complaint with all attachments; and (4) a translation into German of the second amended complaint with all attachments. The request and pluries summons indicated that Koechli’s current address was “Freeport Harbor, Berth 3, Queen Highway, Freeport, Grand Bahamas.” James Cooper, a police constable of the Royal Bahamas Police Force, personally served Koechli on dock No.l in the Freeport Harbor. Koechli signed and dated the certificate attached to the request for service in Cooper’s presence. The Bahamian Attorney General’s Office provided to BIP’s counsel an affidavit of service from the Office of Attorney General for the Bahamas; the affidavit of service of Officer Cooper; and the certificate of service of foreign process signed by Tabatha Cum-berbatch, assistant registrar of the Bahamian Supreme Court.
Koechli argues that the service was defective in various respects. He complains that Officer Cooper did not have Koechli’s address because in Cooper’s affidavit he stated that he drove to dock 1 of Freeport Harbor and made inquiries concerning the whereabouts for Koechli. Koechli further complains that the proof of service did not specify the method of service and that there is no evidence that he voluntarily accepted service of the document.
While the burden of establishing service of process is on BIP, Carter v. Lil' Joe Records, Inc., 829 So.2d 953, 954 (Fla. 4th DCA 2002), the trial court has discretion in determining whether a party was served in accordance with the Hague Convention. Fox v. Regie Nationale des Usines Renault, 103 F.R.D. 453, 455 (W.D.Tenn.1984). Where a plaintiff has attempted in good faith to comply with the Hague Convention, and where a defendant receives sufficient notice despite a technical defect, it is within a court’s discretion to declare service properly perfected. Id. In addition, the return of the central authority’s completed certificate of service is prima facie evidence of service by the central authority. Northrup King Co. v. Companía Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1389 (8th Cir.1995).
Although the service documents may contain technical defects, the record here establishes that the appropriate Bahamian central authority determined there were no deficiencies in the documents provided to them and the certificates of the central authority together with the other documents in the record support proper service on Koechli under the Hague Convention. Accordingly, the trial court did not err in denying the appellant’s motions.
AFFIRMED.
PADOVANO and HAWKES, JJ„ concur.