961 So.2d 1024 (2007)
BANCO LATINO (S.A.C.A.), Petitioner,
v.
AVTEK ELECTRONICA, C.A., a Venezuelan Corporation, William E. Kimberely, and Hugo Piedrafita, Respondents.
No. 3D06-1460.
District Court of Appeal of Florida, Third District.
July 18, 2007.
Diaz, Rues, Rolff & Targ and Michael Diaz, Jr., Miami and Vestalia Aylsworth and Carlos F. Gonzalez, for petitioner.
Lorena Anna Schwartz, for Linda Kelly Kearson, Esq., General Counsel for the Eleventh Judicial Circuit.
Before GREEN, WELLS, and CORTIÑAS, JJ.
WELLS, Judge.
Banco Latino, the plaintiff below, seeks review of an order denying a motion for enlargement of time to effect service of process on the defendants pursuant to Rule 1.070(j) of the Florida Rules of Civil Procedure. We treat the instant appeal as a petition for writ of certiorari which we grant.
This petition stems from an action filed in 2004 to collect on a number of promissory notes executed by a Venezuelan corporation and guaranteed by a Venezuelan citizen and a United States citizen. Since the action was filed, Banco Latino has sought and obtained a number of extensions of time to effectuate service while it has endeavored to locate the defendants. Although the record reveals that Banco Latino has made substantial progress in these efforts, in part due to an investigator which it has hired, its most recent motion *1025 for an extension was denied wholly without explanation.
Because the record demonstrates "good cause" for further extending the time to effectuate service under Rule 1.070(j), we conclude that the lower court departed from the essential requirements of the law in the denying the most recent motion for an extension. See Fla. R. Civ. P. 1.070(j) (providing that if the plaintiff "shows good cause" for the failure to timely effectuate service, "the court shall extend the time for service for an appropriate period"); Hernandez v. Page, 580 So.2d 793, 794-95 (Fla. 3d DCA 1991) (finding that "good cause" under rule 1.070(j) requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of `good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified' is normally required" (quoting Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir.1985))).
The petition for writ of certiorari is therefore granted and the order denying an extension of time for service of process is quashed.
GREEN, J. (specially concurring).
I concur in the majority opinion because the plaintiff's pleadings demonstrate concerted efforts to serve the defendants. However, I write separately because our decision should not be construed as carte blanche authority for the petitioner to continue to receive unlimited extensions. The petitioner must continue to demonstrate that it is making substantial progress to locate and serve the respondents.