NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


SDS-IC,                                       )
                                              )
             Appellant,                       )
                                              )
v.                                            )          Case No. 2D14-3551
                                              )
FLORIDA CONCENTRATES                          )
INTERNATIONAL, LLC; FLORIDA                   )
SPARKLING DS, LLC; DIDIER HARDY;              )
PRIMO WATER CORPORATION;                      )
PRIMO PRODUCTS, LLC; SUSAN                    )
BALLANTYNE; and SCOT                          )
BALLANTYNE,                                   )
                                              )
             Appellees.                       )
_____)

Opinion filed January 30, 2015.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Collier County;
Cynthia A. Pivacek, Judge.

Nicholas P. Mizell and Louis D. D'Agostino
of Cheffy Passidomo, P.A., Naples, for
Appellant.

Shelley D. Momo of Carreras & Lemoine,
LLP, Atlanta, Georgia, and Robert L.
Schenk of Schenk Smith LLC, Atlanta,
Georgia, for Appellees Florida
Concentrates International, LLC; Florida
Sparkling DS, LLC; and Didier Hardy.

James E. Moon of Quintairos, Prieto, Wood
& Boyer, P.A., Ft. Myers, and Robert

Cousins of Quintairos, Prieto, Wood &
Boyer, P.A., Fort Lauderdale, for Appellees
Primo Water Corporation and Primo
Products, LLC.

No appearance for remaining Appellees.


KHOUZAM, Judge.

SDS-IC appeals an omnibus order which, in relevant part, denied SDS-IC's motion to quash attempted service of process. Because the attempted service of process was invalid, the trial court erred in denying the motion and we must reverse.

SDS-IC is an international corporation incorporated in Hong Kong, China. Florida Concentrates International, Florida Sparking DS, and Didier Hardy (Appellees) filed a complaint against SDS-IC and other defendants in September 2012. Foregoing service via the Central Authority as contemplated in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters articles 2-6, November 15, 1965, 20 U.S.T. 361 (Hague Convention), Appellees elected instead to attempt service of process on SDS-IC by delivering a copy of the summons and a copy of the complaint directly to SDS-IC's registered address in Hong Kong. In the affirmation of service filed November 26, 2012, the process server averred that she served a "true copy" of both the summons and complaint at SDS-IC's registered office on November 2. The affirmation does not indicate at what time service was accomplished, nor does it specify who was served.

After SDS-IC failed to respond to the complaint, a clerk's default was entered in July 2013. In November 2013, SDS-IC filed a motion to quash attempted service of process and to vacate the clerk's default. In the alternative, SDS-IC

requested more time to respond to the complaint and to dismiss for lack of personal jurisdiction. Appellees opposed the motion, and all parties filed affidavits to support their positions. Appellees relied upon two affidavits of Patrick Ronald Paul Hamlin, an attorney at the firm that employed the process server who attempted to serve SDS-IC in this case. In the affidavits, Hamlin stated in basic terms the service requirements of Hong Kong and the Hague Convention, and Hamlin thereafter concluded that "service of process and the later Entry of Default was [sic] validly effected" under all applicable laws.

After a hearing in March 2014, the trial court entered an order on June 27, 2014, which denied the portions of the motion seeking to quash service of process and dismiss for lack of personal jurisdiction but granted the portions of the motion seeking to vacate the default and enlarge the time to respond to the complaint. SDS-IC timely appealed, raising two arguments: first, that the service of process was invalid because it complied with neither Florida law nor the Hague Convention; and second, that the complaint should be dismissed for lack of personal jurisdiction. We agree that SDS-IC was not properly served and that the service of process must be quashed. This outcome renders moot the second issue relating to personal jurisdiction.

Article 1 of the Hague Convention provides that it "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Hague Convention, supra, at 362. Articles 2 through 6 address a scheme by which each state designates a Central Authority to receive requests for service coming from other states. Id. at 362-63

Article 10 adds in relevant part:

> Provided the State of destination does not object, the present Convention shall not interfere with . . . (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Id. at 365. This language has been interpreted to mean that service of process under Article 10(b) is proper so long as the service laws of the state of origin are followed and the state of destination has not objected to them. See DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 288 (3d Cir. 1981) (concluding that in the alternative to service via the Central Authority, Article 10(b) "also allows service to be effected without utilizing the Central Authority as long as the nation receiving service has not objected to the method used. Thus, the more liberal methods provided in the Federal Rules of Civil Procedure and state long-arm rules may be used as long as the nation receiving service has not objected to them"). Article 19 of the Convention protects the same conduct but in the converse: it states that the Convention does not affect the receiving state's ability to accept service of process complying with its internal laws via methods other than those described in the Convention. See Banco Latino, S.A.C.A. v. Gomez Lopez, 53 F. Supp. 2d 1273, 1280 (S.D. Fla. 1999) ("Article 19 should be broadly construed so as to permit service by any means, subject to the Federal Rules of Civil Procedure, not proscribed by the foreign country.").

With regard to Florida law, section 48.194(1), Florida Statutes (2012), provides that "service of process on persons outside of this state shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served," along with the proviso that "[s]ervice of process on persons outside the United States may be required to conform to the provisions of

- 4 -

the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters."  Section 48.21(1) provides that the required return-of-service form must include "the date and time when it comes to hand, the date and time when it is served, the manner of service, the name of the person on whom it was served and, if the person is served in a representative capacity, the position occupied by the person."  See also Fla. R. Civ. P. 1.070(e) ("The date and hour of service shall be endorsed on the original process and all copies of it by the person making the service.").  Section 48.21(2) adds that although the return-of-service is amendable, the failure to state the required facts invalidates the service.  Section 48.081(3)(a) provides that a corporation who has not designated a registered agent can be served by serving "any employee at the corporation's principal place of business."

"[S]tatutes governing service of process must be strictly construed, and valid service on a corporation may only be effected by complying with them."  Int'l Steel Truss Co. v. Artec Grp., Inc., 824 So. 2d 340, 342 (Fla. 2d DCA 2002).  Issues of statutory interpretation are subject to de novo review.  Murray v. Mariner Health, 994 So. 2d 1051, 1056 (Fla. 2008).

Here, a review of the record reflects that service of process on SDS-IC did not comply with Florida law or the Hague Convention.  It is undisputed that Appellees did not utilize China's Central Authority designated under the Hague Convention for service.

The return-of-service in the record patently does not comply with Florida's service of process laws.  It lacks statements regarding the time it was received by the process server, the time it was served on a defendant, the manner of service, the name

- 5 -

of the person served, and the position of the person served. Additionally, the return-of-service alleges that only a copy was served rather than the original process. Consequently, the record evidence falls far short of demonstrating strict compliance with Florida laws regarding service of process.

And although Appellees cite to Koechli v. BIP International, Inc., 861 So. 2d 501 (Fla. 1st DCA 2003), for the proposition that the trial court has discretion to declare service under the Hague Convention valid despite technical deficiencies, that case does not control here. Koechli specifically addressed service via the Hague Convention's Central Authority provisions, a method of service that undisputedly was not used in this case.

Having now determined that the service of process in this case strictly complied with neither China's Central Authority under the Hague Convention nor Florida law—which Appellees tacitly concede—we must address Appellees' remaining argument that the service should nevertheless be upheld because it complied with China's service laws. For the reasons set forth below we reject Appellees' remaining argument.

First, although Appellees correctly identify that the Supremacy Clause of the United States Constitution invalidates any state laws that are inconsistent with the Hague Convention, they do not address as part of this argument the actual text of the Hague Convention or how any of Florida's laws are inconsistent with it. A review of Article 10 belies their argument, as the convention makes clear that it "does not interfere with" the originating state's existing service laws, Hague Convention, supra, at 363, and

both parties agree that neither the United States nor China has made any relevant objections. Moreover, Appellees have cited no authority which supports this argument.

Second, even to the extent this argument may be persuasive, it is unsupported by the record. Appellees have not cited to a single authority addressing Chinese laws regarding service of process. Instead, they have submitted only the conclusory affidavit of an individual at the firm who attempted service. This legal opinion was not competent evidence. See Estate of Murray ex rel. Murray v. Delta Health Grp., Inc., 30 So. 3d 576, 578 (Fla. 2d DCA 2010) ("An expert may render an opinion regarding an ultimate issue in a case, but he or she is not permitted to render an opinion that applies a legal standard to a set of facts."); First Mortg. Corp. of Stuart v. deGive, 177 So. 2d 741, 747 (Fla. 2d DCA 1965) ("The foregoing and other parts of the affidavits submitted by the defendant are opinion testimony and legal conclusions that would not be admissible in evidence at a trial and the court should have disregarded the incompetent and inadmissible matter and given consideration only to the competent and admissible portions."). Consequently, even assuming that compliance with Hong Kong's service laws would operate to validate the service attempted in this case, no competent evidence in the record exists to support the argument.

We must therefore reverse the order on appeal to the extent it denied SDS-IC's motion to quash and remand with instructions to grant the motion to quash service of process. This renders moot the issue of personal jurisdiction. See Nat'l Safety Assocs., Inc. v. Allstate Ins. Co., 799 So. 2d 316, 317 (Fla. 2d DCA 2001) ("Proper service of process is indispensable for the court to obtain personal jurisdiction over a defendant.").

Order reversed in part; remanded with instructions to grant the motion to quash attempted service of process.

BLACK and SLEET, JJ., Concur.