# Third District Court of Appeal

## State of Florida

Opinion filed May 25, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1684
Lower Tribunal No. 09-65428
_____


**Renato Bevilacqua,**
Appellant,

vs.

**U.S. Bank, N.A.,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Law Offices of Isaac Benmergui and Lauren J. Luck, for appellant.

Akerman LLP, Nancy M. Wallace (Tallahassee), William P. Heller (Fort Lauderdale) and Eric M. Levine (West Palm Beach), for appellee.


Before SUAREZ, C.J., and ROTHENBERG and EMAS, JJ.

EMAS, J.

Renato Bevilacqua appeals an order denying his motion to dismiss or quash service of process made pursuant to the laws of Italy and the Hague Convention. Because U.S. Bank established prima facie evidence of proper service, and Bevilacqua failed to meet his burden of establishing that he lacked actual notice of the proceedings or that he was prejudiced as a result of the alleged deficiency in service of process, we affirm.

**<u>FACTS</u>**

In 2009, U.S. Bank filed a foreclosure action on a Miami Beach property owned by Bevilacqua. U.S. Bank filed a return of service indicating that Bevilacqua was personally served at the Miami Beach property. Bevilacqua did not respond to the complaint and, in 2012, U.S. Bank eventually obtained a default final judgment against Bevilacqua. Three months after the final judgment was entered, Bevilacqua filed a motion to quash service of process, asserting in an affidavit that he resided in Italy, he had never been served, and he had no prior knowledge of the lawsuit. The trial court vacated the default final judgment, and ordered U.S. Bank to serve Bevilacqua in Italy.

In April 2013, U.S. Bank sought, and the trial court entered, an order appointing an international process server, who submitted a request to the Court of Appeals of Rome, the designated Central Authority of the Government of Italy under Article 5 of the Hague Convention. The Court of Appeals of Rome provided

2

the summons and complaint to process server Bruno Roselli to effectuate service on Bevilacqua in Italy.

Roselli returned a proof of service which indicated that service on Bevilacqua was effectuated on June 28, 2013. The proof of service stated that Roselli "did not find anybody at the abovementioned domicile and because of the absence of any suitable person according to the law to whom [he] could leave the papers," and that he "found the building closed and without doorkeeper." Roselli stated that, as a result, he served Bevilacqua pursuant to Article 140 of the Italian Code of Civil Procedure[1] by filing the service of process with the local town hall on June 28, 2013, by affixing a sealed notice of filing at Bevilacqua's home doorway on the same date, and by sending Bevilacqua a notice by registered mail.

Thereafter, the Court of Appeals of Rome, in accordance with Article Six of the Hague Convention, issued an attestation that service of process upon Bevilacqua was perfected in accordance with the laws of Italy.

---

[1] Article 140 is similar to Florida's constructive service statute and allows an alternative form of service when it is not possible to obtain personal service:

> If it is not possible to make service due to unavailability or incapacity or refusal of the persons mentioned in the preceding article, the process server shall deposit a copy at the home where service is to be done, affixing a notice of deposit in a sealed envelope at the door of the recipient's home, office, or company, notifying service by registered letter with return receipt.

3

On September 30, 2013, Bevilacqua filed a motion to dismiss the case or to quash the international service of process on the ground it did not comply with Italian law. Specifically, Bevilacqua asserted that service pursuant to Article 140 can be made only after the process server has attempted service through the methods set forth in Articles 138 and 139.[2] Bevilacqua asserted that the process server did not perfect service in accordance with Articles 138 and 139. Bevilacqua also filed an affidavit in which he averred that he was never served, never received any papers, had a callbox in front of his apartment, and the service return "clearly provides that the process server made no attempts to call me or one of my family members on the callbox or call any of my neighbors on the callbox."

U.S. Bank responded to the motion to quash or dismiss, contending that the process server did comply with Articles 138-140 of the Italian Code of Civil Procedure; that the return of service established that he attempted to personally serve Bevilacqua at his home; and that when he was unable to serve Bevilacqua or anyone legally authorized to accept service, he served Bevilacqua pursuant to Article 140. U.S. Bank also argued that Bevilacqua's affidavit failed to rebut the return of service.

---

[2] Articles 138 and 139 provide, for example, that service of process may alternatively be made at the normal place of abode, substituted service on an individual residing in the home, personal service at the place of employment or by substituted service upon another individual working at the company, and substituted service upon a neighbor.

Following a hearing, the trial court denied Bevilacqua's motion to dismiss or quash. This appeal followed, and we review the trial court's legal determinations *de novo*. <u>Puigbo v. Medex Trading, LLC</u>, 39 Fla. L. Weekly D2094, *1 (Fla. 3d DCA 2014); <u>Robles-Martinez v. Diaz, Reus & Targ, LLP</u>, 88 So. 3d 177 (Fla. 3d DCA 2011); <u>Portalp Intern. SAS v. Zuloaga</u>, 40 Fla. L. Weekly D2791 (Fla. 2d DCA December 18, 2015).

### ANALYSIS

Under Florida law, "[s]ervice of process on persons outside the United States may be required to conform to the provisions of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters." § 48.194(1), Fla. Stat. (2015). The Hague Convention, a treaty to which the United States and several other countries are signatories, is "superior to that of any State and local law." Larry M. Roth, <u>An Introduction to the Hague Convention on Service of Process Abroad</u>, 31 No. 4 Trial Advoc. Quarterly 13, 13 (2012). "It was a specific goal of the Convention to establish an acceptable, efficient, but formalized method by which personal service of original process in a foreign country could be effectuated without offending the internal law of that country." <u>Id.</u> at 13-14. "In Florida, the Hague Convention applies in all cases 'where there is an occasion to transmit a judicial or extrajudicial document for service abroad." <u>Zuloaga</u>, 40 Fla. L. Weekly D2791 at *1. Finally,

5

"[a]s a ratified treaty, the Hague Convention is of equal dignity with acts of Congress and enjoys the constitutional status of 'supreme Law of the Land.'" Alvarado-Fernandez v. Mazoff, 151 So. 3d 8, 12 (Fla. 4th DCA 2014).

Under the Hague Convention, each contracting State, such as Italy, "shall designate a Central Authority which will undertake to receive requests for service coming from other contracting States [such as the U.S.]." See Hague Convention, art. 2. If the Central Authority determines that the request complies with the provisions of the Hague Convention, it must then "serve the document or shall arrange to have it served by an appropriate agency" in accordance with its internal laws. Id. at arts. 4 and 5. Once service has been effectuated, the Central Authority "shall complete a certificate in the form of the model annexed to the present Convention . . . [which] shall state that the document has been served." Id. at art. 6. Of significance, "the return of the central authority's completed certificate of service is prima facie evidence of service by the central authority." Koechli v. BIP Intern., Inc., 861 So. 2d 501, 503 (Fla. 1st DCA 2003). See also, Puigbo, 39 Fla. L. Weekly D2094 at *2 (holding "[w]hen process is served and return of process is completed by an official of a country that is a signatory to the Hague Service Convention in accordance with Article 6 of the Convention, as it was here, that service is sufficient, and any additional requirement which may be imposed by Florida law is pre-empted"); Semet Lickstein Morgenstern Berger Friend Brooke

& Gordon, P.A. v. Sawada, 643 So. 2d 1188, 1189 (Fla. 3d DCA 1994) (holding that "[w]here process is served and return of process completed by an official of a country that is a signatory to the Hague Convention . . . the imposition of any additional requirements 'offends against the supremacy clause of the United States Constitution'")(quoting MacIvor v. Volvo Penta of Am., Inc., 471 So. 2d 187, 188 (Fla. 3d DCA 1985)); Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1390  (8th Cir. 1995) (holding that "[b]y not objecting to the documents and by certifying service, the Central Authority indicated that the documents complied with the Convention and that it had served them in compliance with the Convention, i.e., that it had made service as [the State's] law required"); Northshore Reg. Med. Ctr., LLC v. Dill, 12-850 (La. App. 1 Cir. 3/22/13), 115 So. 3d 475, 481 (declining "to look beyond" the Central Authority's certificate of service in determining whether service was properly effectuated).

Therefore, the duly executed return of process and certificate of service from the Central Authority is prima facie evidence that service was sufficient, leaving available to Bevilacqua only a claim that he was denied constitutional due process or that he was somehow prejudiced by the allegedly deficient service of process: "[T]o rebut the prima facie case established by the completed certificate of service requires a defendant to show lack of actual notice of the proceedings or that the

7

defendant was prejudiced in some way as a result of the alleged deficiency." Myrtle v. Graham, 2011 WL 446397 at *2 (E.D. La. 2011). See also, Puigbo, 39 Fla. L. Weekly D2094 at *2 (holding that where there was evidence that defendant had actual knowledge of the case, due process requirements were met). Bevilacqua did not and cannot assert that he did not have actual notice of the proceedings. While Bevilacqua's affidavit avers that he was "never served" and "never received the above-captioned lawsuit" or "any papers," the record affirmatively establishes that Bevilacqua was aware of, and appeared in this lawsuit even prior to the date service was effectuated in Italy. As discussed earlier, after the default final judgment was entered, Bevilacqua's counsel entered a limited notice of appearance and succeeded in obtaining an order vacating that default final judgment and directing U.S. Bank to serve Bevilacqua in Italy. Given Bevilacqua's actual knowledge of the lawsuit, and the absence of any prejudice from the allegedly deficient service, the trial court properly denied the motion to quash.[3]

**CONCLUSION**

Bevilacqua's contention that service of process was deficient under Italian law fails to carry the day, given that the Italian Central Authority, pursuant to its own laws and the Hague Convention, returned a certificate attesting to the fact that

---

[3] We find the other issues raised on appeal by Bevilacqua are not meritorious and require no further discussion.

service was properly effectuated. This certificate established prima facie evidence of proper service, which the trial court properly did not look beyond. Bevilacqua could overcome this prima facie evidence only by alleging and establishing a lack of actual notice of the proceedings or that he was prejudiced as a result of the alleged deficiency. Because Bevilacqua failed to meet this burden, we affirm the trial court's order denying the motion to quash.[4]

Affirmed.

_____

[4] While we affirm the trial court's order insofar as it denied Bevilacqua's motion to quash, we dismiss for lack of jurisdiction that portion of the appeal seeking review of the court's order denying Bevilacqua's motion to dismiss for failure to serve initial process within the 120- day time limit provided under Florida Rule of Civil Procedure 1.070(j). See Nat'l Powerboat Ass'n, Inc. v. Calabro, 652 So. 2d 508 (Fla. 3d DCA 1995) (holding that an order denying a motion to dismiss for failure to comply with time requirement under rule 1.070(j) is a nonfinal, nonappealable order).