# Third District Court of Appeal

## State of Florida

Opinion filed August 2, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1705
Lower Tribunal No. 17-10968
_____

**Susan Maounis,**
Appellant/Cross-Appellee,

vs.

**Igor Shamis,**
Appellee/Cross-Appellant.

An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Olive Judd, P.A., and Benjamin E. Olive and Matthew C. Sanchez (Fort Lauderdale), for appellant/cross-appellee.

Duane Morris LLP, and Harvey W. Gurland, Jr., Julian A. Jackson-Fannin and Morgan L. Swing, for appellee/cross-appellant.

Before FERNANDEZ, MILLER and BOKOR, JJ.

PER CURIAM.

Affirmed. Bevilacqua v. U.S. Bank, N.A., 194 So. 3d 461, 463–65 (Fla. 3d DCA 2016) (stating that a denial of a motion to quash service is reviewed de novo and explaining that under the Hague Convention "the return of the central authority's completed certificate of service is prima facie evidence of service by the central authority" and to overcome such evidence a defendant must show a "lack of actual notice of the proceedings or that the defendant was prejudiced in some way as a result of the alleged deficiency" (citations omitted)); see also Lloyd's Underwriter's At London v. Ruby, Inc., 801 So. 2d 138, 139 (Fla. 4th DCA 2001) ("An order denying a motion to vacate a default is reviewed under an abuse of discretion standard."); Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980) ("If reasonable [people] could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion."); Gibson Tr., Inc. v. Office of the Att'y. Gen., 883 So. 2d 379, 382 (Fla. 4th DCA 2004) ("To be relieved of a default, a party must show excusable neglect, a meritorious defense, and due diligence."); Hyman v. Cohen, 73 So. 2d 393, 401 (Fla. 1954) (instructing that a liquidated damages clause may be enforced where (1) the damages are not readily ascertainable at the time the contract is drawn and (2) the amount of liquidated damages is not "grossly disproportionate" to what might be expected to result from the

buyer's breach); <u>San Francisco Distrib. Ctr., LLC v. Stonemason Partners, LP</u>, 183 So. 3d 391, 394 (Fla. 3d DCA 2014) (explaining that Florida courts addressing this issue have held that a forfeiture amount of 10% or less of the total purchase price is not unconscionable and upholding a forfeiture of $400K that amounted to 7.6% of the purchase price).