DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DIANA GABRIELA PAREDES CORNEJO,**
Appellant,

v.

**JONHATAN ANTONIO GARCIA REYES,**
Appellee.

No. 4D2024-2515

[June 11, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Shari Africk-Olefson, Judge; L.T. Case No. CACE-23-017645.

Jacqueline C. Ledón of Ledón Law, P.A., Miami, for appellant.

No appearance required for appellee.

MAY, J.

The plaintiff appeals a final order of dismissal for failure to timely serve the defendant and denying her motion for rehearing. She argues the trial court erred in dismissing her complaint because she provided evidence of good cause for the delay in serving the defendant. We agree and reverse.

- ***The Facts***

The parties were once married. The plaintiff resides in Florida and lives in the property at issue, while the defendant resides in Mexico. The plaintiff initially filed a quiet title/partition action against the defendant in circuit court in August 2023. In October 2023, she filed an amended complaint.

In November 2023, the trial court issued an order directing the plaintiff to serve the defendant. The order stated that 90 days had transpired without the plaintiff serving the defendant and she had 30 days to comply with Florida Rule of Civil Procedure 1.070. The order indicated the plaintiff's failure to comply with Rule 1.070 "may result in dismissal of unserved defendants, or dismissal of the entire action without prejudice, without further notice or hearing." The order further instructed the plaintiff to file a motion to extend service if unable to serve the defendant by the 120-day deadline.

The plaintiff filed her first motion for extension of time to complete service of process in December 2023.  She explained that because the defendant lives in Mexico, she had to deliver the service of process packet to the Mexican Ministry of Foreign Affairs, and that it asked for more documentation.  The plaintiff also moved for a wet-ink signed court order directing the Mexican Foreign Ministry to complete service of process on the defendant.

In February 2024, the trial court issued a uniform case management order mandating attendance at the conference.  A few days later, the court granted the plaintiff's first motion for extension of time.  The order provided that "[i]f proper service is not accomplished by April 26, on April 27 [p]laintiff will dismiss any unserved [d]efendant(s) without further hearting [sic] or order."  The court also issued an order "respectfully request[ing] that the Ministry of Foreign Affairs in Mexico City, Mexico present the Summons and Complaint for the civil lawsuit [...] to [d]efendant to notify the [d]efendant of the pending aforementioned lawsuit."

The court set another uniform case management conference for April 29, 2024.  That order provided:

> The Complaint shall be served within 120 days of filing. Failure to perfect service within 120 days shall subject the action to dismissal without prejudice or dropping of that party as a defendant. If plaintiff shows good cause or excusable neglect for failure to serve within 120 days, the court shall extend the time for service for an appropriate period. (Rule 1.070, Fla.R.Civ.P.)

On April 26, 2024, the plaintiff filed a second motion for extension of time to complete service of process.  The motion advised that:

> This Court signed the Order to the Mexican Foreign Ministry Regarding Service of Process on Defendant on February 9, 2024. The Order arrived in Mexico City on February 19, 2024, and was delivered to the Ministry of Foreign Affairs on February 28, 2024. Despite repeated follow up with the foreign ministry both by the Plaintiff herself as well as local counsel retained in Mexico, service has not yet been effectuated.

The plaintiff attached exhibits of her communications with the foreign ministry.

The trial court granted the second motion to extend service on the defendant and set another uniform case management conference for August 29, 2024.  The court gave the plaintiff 120 days, or until August 26, 2024, to serve the defendant.

On August 26, 2024, the plaintiff filed her third motion for extension of time

to complete service of process on the defendant. The plaintiff provided two affidavits attesting to the difficulty she continued to experience in having the defendant served. She attested that she physically travelled to Mexico to try and resolve the issue and attached an Uber receipt and emails between her and the Mexican Ministry.

In the second affidavit, plaintiff's counsel attested that she telephoned and emailed the ministry various times in June and July. She followed up multiple times with local counsel in Mexico to no avail. One of the attached exhibits showed that the ministry apparently blocked the message from being received.

A few days later, the court sua sponte dismissed the case for lack of service. The order indicated the plaintiff had not shown good cause for not timely serving the defendant.

The plaintiff then filed a motion for rehearing. She asserted that at the August 29 case management conference, the trial court indicated it had not considered the affidavits as to good cause because a courtesy copy of them had not been uploaded to the court management system by 9:00 a.m. the business day before the conference.

The court denied the plaintiff's motion for rehearing. From the dismissal and the order denying the motion for rehearing, the plaintiff now appeals.

- ***The Analysis***

The plaintiff argues the trial court erred in dismissing the case because she showed "good cause" for the delay in serving the defendant. Two affidavits were filed attesting to the difficulty encountered to have the Mexican Foreign Ministry process the required documents. She also suggests there is no written rule requiring a courtesy copy to be uploaded by a specific time the day before. She further argues the trial court failed to analyze the *Kozel* factors when it dismissed the case. *See Kozel v. Ostendorf*, 629 So. 2d 817, 818 (Fla. 1993).

"In Florida, the Hague Convention applies in all cases 'where there is occasion to transmit a judicial or extrajudicial document for service abroad.'" *Portalp Int'l SAS v. Zuloaga*, 198 So. 3d 669, 671 (Fla. 2d DCA 2015) (quoting *Grupo Radio Centro S.A.B. de C.V. v. Am. Merch. Banking Grp., Inc.*, 71 So. 3d 151, 151 (Fla. 3d DCA 2011)). Because it is a ratified treaty, the Hague Convention is the supreme law of the land. *See Bevilacqua v. U.S. Bank, N.A.*, 194 So. 3d 461, 464 (Fla. 3d DCA 2016).

Under the Convention, the relevant foreign state "'shall designate a Central Authority which will undertake to receive requests for service coming from other contracting States [such as the U.S.].'" *Id.* (quoting Hague Convention, art. 2).

3

If the request complies with the provisions of the Hague Convention, the Central Authority will then "'serve the document or shall arrange to have it served by an appropriate agency'" in accordance with its internal laws.  *Id.* (quoting Hague Convention, arts. 4 and 5).

"Once service has been effectuated, the Central Authority 'shall complete a certificate in the form of the model annexed to the present Convention ... [which] shall state that the document has been served.'"  *Id.* (quoting Hague Convention, art. 6).  This certificate is prima facie evidence of service.  *Id.*

Here, the defendant lives in Mexico, and because that country is a party to the Hague Convention, the above process applies.  Serving the defendant depends on the Mexican Foreign Ministry.

Trial courts have broad but not absolute discretion on whether to extend time to complete service:

> **When a plaintiff shows good cause** for failure to serve process within 120 days, the trial court **must extend** the time for service and has no discretion to do otherwise.  The trial court has broad discretion to extend the time for service even when good cause for failing to meet the 120-day deadline has not been shown . . . Rule 1.070(j) is designed to be a case management tool, not an additional statute of limitations cutting off the liability of a tortfeasor, and it is not to be imposed inflexibly when the plaintiff demonstrates diligence and good cause.

*Roberts v. Stidham*, 19 So. 3d 1155, 1157–1158 (Fla. 5th DCA 2009) (emphasis added).

This case is similar to *Banco Latino (S.A.C.A.) v. Avtek Electronica, C.A.*, 961 So. 2d 1024, 1024 (Fla. 3d DCA 2007).  There, the plaintiff was a Venezuelan bank that sought to collect certain notes from the defendants.  A foreign citizen and an American citizen guaranteed these notes.  Locating the defendants was a challenge, so the bank moved for extension of time to effectuate service several times.  *Id.*  Their last motion for extension of time to serve the defendants was denied "wholly without explanation."  *Id.* at 1025.

The Third District granted a petition for writ of certiorari, explaining that "[b]ecause the record demonstrates 'good cause' for further extending the time to effectuate service under Rule 1.070(j), we conclude that the lower court departed from the essential requirements of the law in the denying the most recent motion for an extension." *Id.*

Here, the plaintiff had trouble serving the foreign defendant but made diligent

4

efforts to do so through the Mexican Foreign Ministry. She not only emailed and called the Ministry but also hired local counsel and physically travelled to Mexico. Nevertheless, process was not effectuated. The plaintiff filed two affidavits attesting to her efforts. In short, the plaintiff provided good cause for the delay in service of process. The trial court erred in dismissing her complaint.[1]

We therefore reverse and remand the case for reinstatement of the plaintiff's complaint.

*Reversed and remanded.*

GROSS and CONNER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] We find no merit in casting the blame on the plaintiff's failure to file a courtesy copy of the affidavits the day before the case management conference.